UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CLIFFS MINING COMPANY, | )<br>) Case No. 2:21-CV-968<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| EAST GREENFIELD INVESTORS, LLC, and<br>LAWRENCE FROMELIUS, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION

Defendants East Greenfield Investors, LLC, ("EGI") and Lawrence Fromelius ("Fromelius"[1]) (collectively "Defendants") submit this memorandum in further support of its motion to dismiss the Complaint (the "Complaint") or, alternatively, to compel arbitration filed by Cliffs Mining Company ("Cliffs").

## ARGUMENT

Plaintiff repeatedly omits portions of the arbitration agreement and the law that they do not like as if the omission will make those clauses and laws disappear. It will not. EGI filed for arbitration pursuant to a binding arbitration clause that allows EGI to object to Cliffs' spending of escrow funds where, as here, Cliffs cannot provide any evidence, support, or receipts supporting its claims that it made payments to a provider of remediation services as required by the Settlement Agreement. Whether or not EGI's objection was timely is a matter governed by JAMS and its Rules, as also specified in the Escrow Agreement at issue.

---

[1] Fromelius is named in the Complaint as the sole managing member of EGI.

The arbitration clause expressly reserves Plaintiff's right to seek provisional remedies. Cliffs, however, does not seek a provisional remedy. Cliffs asks this Court to render a judgment on the merits with regards to all counts properly brought before JAMS by EGI.

## I. Plaintiff's Arbitration Claims Are Properly Presented.

Federal Rule of Civil Procedure 12(b)(3) permits dismissal of a case when it is filed in an improper venue. "[A] motion to dismiss based on a contractual arbitration clause is appropriately 'conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3).'" *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011) (quoting *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA*, Inc., 502 F.3d 740, 746 (7th Cir. 2007)). This is because arbitration clauses are considered a species of forum selection clause. *Auto. Mechs. Local* 701, 502 F.3d at 746; *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533–34 (1995).

## II. Any Doubt Should Be Resolved in Favor of Arbitration.

EGI and Cliffs both consented to an Agreement that contains an arbitration clause. That arbitration clause allows EGI to challenge the source of the disbursement of funds. Cliffs would like this Court to instruct the arbitrator as to how they should rule regarding the merits of EGI's claims. Where, as here, "the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). In order to avoid arbitration, Cliffs must demonstrate "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 1032. Cliffs has not demonstrated that a Court directing an arbitrator to rule in its favor constitutes

a "provisional remedy." Cliffs cites no case law supporting such an overly broad interpretation of "provisional."

Plaintiff's request that Defendant direct the arbitrator as to how to they should rule seems absurd at best and abusive at worst. Such attempts to remove basic issues of standing regarding the claim at issue from the purview of an arbitrator run counter to the principals of judicial economy that arbitration is designed to promote. In its Response to EGI's Motion to Dismiss and Compel Arbitration, Cliffs states that it is entitled to a declaratory judgment that EGI's objections were untimely. This request does not constitute a "provisional remedy in aid of arbitration" as permitted by the Agreement. A final determination on the merits is not a provisional remedy.

### III. Cliffs Explicitly Agreed to Have JAMS Administer Any Arbitration Related Claims.

Both parties explicitly agreed during the formation of the 2006 and 2017 Agreements that EGI could challenge the purpose of the disbursement of escrow funds via arbitration and that such a challenge would be governed by JAMS, administered by JAMS, and subject to its rules. According to the plain terms of the Agreement and their Complaint, Cliffs is not seeking a provisional remedy but a complete disposition of EGI's claims. Should Plaintiff fail to reach their desired outcome here, they will simply try again with the arbitrator. The arbitrator is fully authorized by the relevant agreement and the applicable case law to determine issues related to the expenditure of funds along with any procedural issues specifically associated with those claims, including, but not limited to, whether the associated procedural claims are subject to arbitration. Fromelius and EGI have complied, to the best of their ability, with requirements that Defendants repeatedly ignore and insist do not apply to them.

In order to divert attention from the fact that Plaintiff has improperly raised its claims in this forum, Cliffs spends the majority of its response arguing the merits of its claims rather than

address the issue of arbitrability.[2] The facts establish, plainly and simply, that Cliffs has used deceptive practices, such as providing notice that referenced obviously missing pages. Those pages contained the information necessary to form a proper objection, namely that Cliffs had used the funds to settle a lawsuit brought by WE who is not a provider of remediation services. Moreover, this settlement did not appear to comply with any of the proportionality requirements contemplated in either the 2006 or the 2017 Agreements. (Complaint Ex. B).

Courts of Appeals in the 1st, 2nd, 5th, 8th, 9th, 11th, and Federal Circuits have consistently held that a clause requiring arbitration of a dispute according to an arbitral tribunal's rules requires the arbitrator to resolve the arbitrability of a dispute regarding a covered issue where the rules so provide. *Cequent Performance Prods., Inc. v. Let's Go Aero, Inc.*, No. 14 C 8457, 2016 WL 4036754, at *6 (N.D. Ill. July 28, 2016).

Section 3 of the 2006 Agreement as Amended by the 2017 Agreement clearly states that, "***[a]ny*** arbitration under this subparagraph (c) shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures." (Ex. A to Complaint Ex. B).[3] JAMS Streamlined Arbitration Rules and Procedures specifically provide:

---

[2] Plaintiff also ridiculously characterizes each of Defendants' actions in accordance with the arbitral process set forth in the agreement as an attempted impermissible bite at the apple. Providing Cliffs with the required objections and an additional, not required yet inexplicably characterized by Cliffs as untimely, courtesy demand, all of which went unanswered, does not remotely parallel Plaintiff's repeated attempts to avoid their obligations. Plaintiff withdrew the funds from the escrow account before 30 days had passed using either Plaintiffs' or Defendant's calculations.

[3] Plaintiff inexplicably claims in their Response that Defendants never provided the language in the Arbitration Agreement. (Plaintiff's Resp. at 7-8). On the contrary, Defendants provided the entirety of the Arbitration clause in their Motion, unlike Plaintiffs who omitted portions of the clause in their Complaint and don't want to acknowledge that they agreed to submit to JAMS rules which expressly give JAMS the authority to determine the issues in Plaintiff's complaint.

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

JAMS SARP 8(b).

While in this case, the arbitration award will address only whether the disbursement of funds was proper, whether or not EGI has the capacity.

While Plaintiff asserts that it may bring whatever claims it pleases because in its view, the arbitration clause is unilateral, there is absolutely nothing in the Agreement that can be read as allowing Cliffs to argue issues expressly reserved to the arbitrator. There is similarly no legal precedent for Cliffs asking this Court to rule on claims that Defendants properly brought before an arbitrator. Cliffs agreed to the determination of the interpretation, scope, and proper Parties as those issues relate the narrowly tailored arbitration clause to an arbitrator when it agreed to abide by JAMS rules. Cliffs should not be permitted to obtain a dismissal of EGI's arbitration claims via this Court.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Cliffs' Complaint and compel arbitration or, in the alternative, this Court should deem that Cliffs has waived the arbitration clause and agree to consider ALL claims pursuant to the escrow agreement on the merits. Defendants further request that this Court grant any additional relief that it deems just and proper.

Respectfully submitted,

EAST GREENFIELD INVESTORS,
LLC, and LAWRENCE FROMELIUS,

By: /s/ George S. Bellas
    GEORGE S. BELLAS
    One of Defendants' Attorneys

George S. Bellas (*george@bellas-wachowski.com*)
Misty J. Cygan (*misty@bellas-wachowski.com*)
Jillian Tattersall (*jillian@bellas-wachowski.com*)
BELLAS & WACHOWSKI
Attorneys for Defendants
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9032