# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLIFFS MINING COMPANY,**
      **Plaintiff,**

v.                                                                                                                   **Case No. 21-cv-968**

**EAST GREENFIELD INVESTORS, LLC,**
**and LAWRENCE FROMELIUS.**
      **Defendant.**

## DECISION AND ORDER

Plaintiff Cliffs Mining Company ("Cliffs") brings this diversity action for declaratory relief against defendants East Greenfield Investors, LLC ("EGI") and Lawrence Fromelius, the sole member of EGI, pursuant to 28 U.S.C. § 2201. Cliffs seeks a declaration that it did not violate an escrow agreement and that defendants may not commence arbitration. Defendants now move to dismiss the action and compel arbitration.

## I. BACKGROUND

As relevant here, the parties entered into an escrow agreement under which Cliffs and EGI each contributed funds to an escrow account. The agreement allowed Cliffs to withdraw funds for specific purposes. Cliffs withdrew the funds in order to settle litigation with a third party, and EGI alleges this withdrawal violated the agreement. EGI then filed for arbitration and Cliffs filed this action for declaratory judgment.

The escrow agreement contains an arbitration clause which provides that "[a]rbitration shall be the sole remedy of EGI hereunder." ECF no. 1-2 at p. 11. It goes on to state that any "arbitration award shall determine only whether the expenditure in question is consistent with [the escrow agreement]." *Id.* Finally, the arbitration clause

states that any arbitrations "shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures." *Id.*[1]

## II. DISCUSSION

Defendants argue that plaintiff's claims should properly be decided by an arbitrator. Cliffs argues that questions of arbitrability are properly decided by a court. Ordinarily, "[w]hether or not [a] company [is] bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court on the basis of the contract entered into by the parties." *Zurich Am. Ins. Co. v. Watts Indus*, 466 F.3d 577, 580-581 (7th Cir. 2006) (quoting *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986). However, the parties to a contract may agree to delegate the initial matter of arbitrability to the arbitrator. *AT&T Tech.,* 475 U.S. at 649. Defendants argue that the parties have done so here, and I agree.

The arbitration clause includes an agreement by the parties to conduct any arbitration pursuant to the JAMS Steamlined Arbitration Rules and Procedures. By agreeing to conduct the arbitration according to the JAMS rules, the parties have incorporated those rules into the arbitration agreement. *See Preston v. Ferrer*, 552 U.S. 346, 362 (2008); *See also, C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.,* 532 U.S. 411, 419 n. 1 (2001). The JAMS rules state:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The

---

[1] JAMS, formerly known as Judicial Arbitration and Mediation Services, is a provider of alternative dispute resolution services.

> Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

JAMS SARP 8(b). In other words, the JAMS rules require that disputes regarding arbitrability be ruled on by the arbitrator. By agreeing to the JAMs rules, the parties also agreed that the issue of whether EGI's claims belong in arbitration would be decided by an arbitrator. *See Wal-Mart Stores, Inc. v. Helferich Patent Licensing, LLC*, 51 F.Supp.3d 713, 719-20 (N.D. Ill. 2014) (collecting cases). When the parties agree to arbitrate questions of arbitrability, I may not decide those issues even if it appears that the argument for arbitration is "wholly groundless." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 530 (2019).

Cliffs argues it is not bound by the arbitration agreement because the agreement binds only EGI. It also argues that EGI may not properly commence arbitration because it declared bankruptcy and because EGI waived its right to do so. But these arguments address the meaning and scope of the arbitration clause which, by incorporating the JAMS rules, the parties agreed to arbitrate.

Cliffs argues alternatively that I should require defendants to post a bond prior to arbitration but points to no authority in support of its request. Moreover, the JAMs rules require periodic deposits of fees and expenses.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion to compel arbitration and dismiss the action at ECF no. 12 is **GRANTED IN PART**. The motion is granted to the extent that the parties are ordered to submit their dispute to arbitration in

accordance with the terms of the escrow agreement. The motion is denied to the extent that it requests that this action be dismissed.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending the resolution of the arbitration.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time at ECF no. 15 is **GRANTED.**

**FINALLY, IT IS ORDERED** that the Clerk of Court shall close this matter for administrative purposes only.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2022

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge